# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KISHEN WOODS,**

    **Plaintiff,**

    v.                                    **CASE NO. 23-3122-JWL**

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Kishen Woods, who is incarcerated at the Lansing Correctional Facility in Lansing, Kansas, brings this *pro se* civil rights case. Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2).

Plaintiff filed this Complaint as a prisoner complaint for violations of his civil rights. He claims violation of his Sixth and Fourteenth Amendment rights. Plaintiff alleges that the court refused him the right to petition, he is being held unlawfully, and his sentence is illegal.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

---

[1] Prior to filing the instant complaint on March 16, 2023, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Woods v. Crow*, Case No. 21-3065-SAC (D. Kan. May 3, 2021) (Doc. 5, Memorandum and Order dismissing for failure to state a claim); *Woods v. Crow*, Case No. 21-3063-SAC (D. Kan. Sept. 9, 2021) (Doc. 5, Memorandum and Order dismissing for failure to state a claim); *Woods v. Tymkovich*, Case No. 18-3304-SAC (D. Kan. Dec. 31, 2018) (Doc. 3, Order of Dismissal dismissing for failure to state a claim).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury.[2]  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed *in forma pauperis* in this civil action.  Plaintiff is given time to pay the full $402.00 district court filing fee[3] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied.**

---

[2] Moreover, some of Plaintiff's claims appear to be habeas in nature.  If he is claiming that he is entitled to immediate or speedier release from imprisonment, a petition for habeas corpus relief is his sole remedy in federal court.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 16, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated May 16, 2023, in Kansas City, Kansas.

S/  John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

3